United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | Case No.: 10-CV-01342-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO FILE A |
| v. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| ADVENT, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court is Plaintiff Scottsdale Insurance Company's unopposed motion for leave to file a first amended complaint. *See* Dkt. #122. The Court deems Plaintiff's motion appropriate for resolution without oral argument and vacates the May 12, 2011 motion hearing. The May 12, 2011 case management conference, however, remains as set. For the reasons explained below, Plaintiff's motion is GRANTED. Plaintiff shall file its first amended complaint ("FAC") as a separate docket entry by Friday, April 29, 2011.

## I. BACKGROUND

This action centers on an insurance coverage dispute stemming from a personal injury complaint filed by Mr. Jerry Kielty in Santa Clara County Superior Court. In the instant action, Plaintiff seeks a judicial determination as to the insurance coverage obligations of certain named Defendants. On March 29, 2010, Plaintiff filed its initial complaint against four sets of Defendants: (1) Advent, Inc., Advent Companies, Inc., Advent Construction Management, Global

1

United States District Court
For the Northern District of California

1    Premier Development, MIL Aspen Associates, L.P. (what Plaintiff refers as to the "putative

2    additional insureds"); (2) Jerry Kielty, the plaintiff in the underlying *Kielty* action; (3) Mt. Hawley

3    Insurance Company and Landmark American Insurance Company (what Plaintiff refers to as the

4    "primary insurers of the aforementioned putative additional insureds"); and 4) Navigator's

5    Specialty Insurance Company, National Union Fire Insurance Company of Pittsburgh, First

6    Mercury Insurance Company, and Majestic Insurance Company.  Pursuant to stipulation, Plaintiff

7    dismissed without prejudice Landmark American Insurance Company ("Landmark") on November

8    12, 2010 in exchange for Landmark's agreement to be bound by this Court's judgment as to

9    coverage obligations in the instant action.  *See* Dkt. #82.

10        Plaintiff now moves for leave to file the FAC to add Landmark as a Defendant to "pursue

11   claims against Landmark that have arisen as a result of discovery of facts showing that Advent

12   Companies, Inc. and Advent Construction management do not qualify as additional insureds under

13   the Scottsdale policy."  *See* Pl.'s Mot. for Leave to File FAC at 3.  In other words, Plaintiff

14   contends that Landmark, as the primary insurer of the Advent entities, has a duty to contribute to

15   defense costs in the underlying *Kielty* action.

16        In the FAC, Plaintiff seeks to: (1) add Landmark back into the case as a Defendant; (2) add

17   a Sixth Cause of Action, requesting declaratory relief that Landmark has a duty to defend and or

18   indemnify Advent Companies, Inc. and Advent Construction Management in the underlying *Kielty*

19   action; (3) add a Seventh Cause of Action, requesting declaratory relief that Plaintiff has no duty to

20   defend Advent Companies, Inc. and Advent Construction Management in the underlying *Kielty*

21   action because those two entities do not qualify as additional insureds; and 4) make a few minor

22   changes (e.g., correct typographical errors and renumber paragraphs and causes of action).  No

23   opposition has been filed.

## II.  DISCUSSION

25        If a pleading is not amended as a matter of course, "a party may amend its pleading only

26   with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  When a

27   party seeks leave of the court, "[t]he court should freely give leave when justice so requires."  *Id.*

28   "This policy is 'to be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.*,

2

Case No.: 10-CV-01342-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1   316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

2   708, 712 (9th Cir. 2001)).  "This liberality in granting leave to amend is not dependent on whether

3   the amendment will add causes of action or parties."  *See DCD Programs, Ltd. v. Leighton*, 833

4   F.2d 183, 186 (9th Cir. 1987).

5   "In the absence of any apparent or declared reason—such as undue delay, bad faith or

6   dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of

7   allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules

8   require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222

9   (1962).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest

10  weight."  *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 185).  "Absent

11  prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*

12  under Rule 15(a) in favor of granting leave to amend."  *Id.* (citation omitted).  "The party opposing

13  leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms., Inc.*, 318 F.

14  Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

15  The Court can discern no "apparent or declared reason" for denying Plaintiff's motion for

16  leave to file the FAC.  As the Court noted above, no opposition to the motion has been filed.  Of

17  the relevant leave factors, it does not appear that Plaintiff is acting in bad faith or that Plaintiff's

18  additional causes of action are clearly futile.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214

19  (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the

20  amendment to the pleadings that would constitute a valid and sufficient claim or defense").

21  Moreover, the current Defendants and Landmark will not be unduly prejudiced since discovery is

22  not set to close until October 3, 2011.

23  Finally, with respect to undue delay, Plaintiff argues that the coverage issue with Landmark

24  "did not arise until late Summer 2010."  *See* Pl.'s Mot. for Leave to File FAC at 6.  Plaintiff

25  represents that it tried to resolve the issue "informally, but to no avail."  *See id.*  While there may

26  have been some delay, it is not clear that the delay has been undue.  Moreover, even if Plaintiff did

27  unduly delay in moving for leave to amend, that delay is insufficient to deny Plaintiff leave where,

28  as here, there has been no showing of bad faith, futility or undue prejudice.  *See Bowles v. Reade*,

3

Case No.: 10-CV-01342-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

United States District Court
For the Northern District of California

1   198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify

2   denying a motion to amend.").

3                                   **III.  CONCLUSION**

4          Accordingly, Plaintiff's unopposed motion for leave to file the FAC is GRANTED.

5   Plaintiff shall serve Landmark with the FAC, and file proof of service with the Court, by Friday,

6   April 29, 2011.  In addition, Plaintiff shall file the FAC as a separate docket entry by Friday, April

7   29, 2011.  The May 12, 2011 motion hearing is VACATED.  The May 12, 2011 case management

8   conference, however, remains as set.

9   **IT IS SO ORDERED.**

10

11  Dated: April 26, 2011                          _Lucy H. Koh_____

12                                                 LUCY H. KOH
                                                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No.: 10-CV-01342-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**United States District Court**
For the Northern District of California